UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD G. JOHNSON,

      Plaintiff,                                        Civil Action No.
                                                                09-CV-13220

vs.

                                                      HON. BERNARD A. FRIEDMAN

DEARBORN PUBLIC SCHOOLS,

      Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

                This matter is presently before the court on defendant's motion to dismiss or for summary judgment [docket entry 8].  Plaintiff has not responded to this motion and the time for him to do so has expired.[1]  Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

                In his *pro se* complaint plaintiff alleges that he worked for defendant as a substitute bus driver from January 29, 2007, until he was discharged on September 2, 2008.  Plaintiff further alleges that, months after he was discharged, defendant hired

> John Cox a Caucasian male whom tormented me with racism from the day he began employment.  I had prior experience no accidents and perfect attendance, John Cox had neither.  In the "history" of Dearborn Public School's Transportation only two black males have been hired in.  One James Mathews 1st and Emuel Brown 2nd whom was hired during my employment.  Several blacks have been fired before getting hired in as permanent drivers.  Someone need to look into Dearborn's Transportation Department employment practices because my termination was not justified.  This legal action is for those black male's who apply and for those fired like myself.

---

[1] The motion was filed on September 29, 2009.  The court issued an order on October 13, 2009, requiring plaintiff to respond by November 11, 2009.  As of the date of this opinion, plaintiff has neither responded nor requested additional time to do so.

Read liberally, the complaint alleges that defendant discharged plaintiff and/or failed to rehire him because of his race.  Regarding the discharge claim, "plaintiff must show that 1) he is a member of a protected class; 2) he was qualified for his job and performed it satisfactorily; 3) despite his qualifications and performance, he suffered an adverse employment action; and 4) that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561. 572-73 (6th Cir. 2000).  Regarding the failure-to-hire claim, plaintiff "must show that (1) he is a member of a protected class, (2) he applied for and did not receive the job at issue, (3) he was qualified for the job, and (4) similarly situated persons not in his class received the job for which he applied. Additionally, in a failure-to-hire case, a plaintiff must show that 'the defendant continued to accept applicants for the position from equally qualified persons.'" *Overall v. RadioShack Corp.*, 202 Fed.Appx. 865, 868 (6th Cir. 2006) (citations omitted).

Plaintiff has failed to state a prima facie case of either type of discrimination. Regarding his discharge claim, plaintiff does not allege that he was "replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class."  Indeed, plaintiff does not allege that he was replaced at all, but only that some unspecified number of months after he was discharged, defendant hired Cox.  Insofar as plaintiff alleges defendant failed to rehire him, the complaint does not allege that plaintiff even applied for the job for which Cox was hired – or, in fact, that he applied to defendant for any job after being discharged.

As plaintiff has failed to state a prima facie case of discrimination, defendant is entitled to dismissal of the complaint for failure to state a claim.  Additionally, by failing to respond

to defendant's motion, despite the court's order requiring him to do so by a generous deadline,

plaintiff has manifested his intention to abandon his case.  Accordingly,

IT IS ORDERED that defendant's motion to dismiss the complaint is granted.

s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated:  November 25, 2009

I hereby certify that a copy of the foregoing document was served upon Harold G. Johnson and
counsel of record on November 25, 2009, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager